IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ABIGAIL TODD,

    Plaintiff,

v.                                          C.A. No.: 1:20-cv-142

SHADOW MOUNTAIN, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ABIGAIL TODD (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendant, SHADOW MOUNTAIN, LLC (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant has offices or conducts business in Travis County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Travis County, Texas.

5. Defendant employed Plaintiff from April of 2018, through January 3, 2020, as an "Admission Coordinator," at the rate of $761.72 per workweek. Plaintiff's duties were clerical in nature and included answering incoming telephone calls, completing the admission of new and returning clients, which included obtaining insurance information, setting up financial arrangements, collecting payments, screening clients via telephone, and scheduling admissions, including transportation.

6. Defendant, SHADOW MOUNTAIN, LLC, primarily operates a business that performs addiction recovery and mental health services in Texas, Utah, and New Mexico.

7. Defendant, SHADOW MOUNTAIN, LLC, is a Limited Liability Company established under the laws of the State of Nevada.

8. Defendant, SHADOW MOUNTAIN, LLC, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules

or conditions of employment, (3) determined the rate and method of payment for employees, and (4) maintained employment records.

9. Defendant, SHADOW MOUNTAIN, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. At all times material to this complaint, Defendant, SHADOW MOUNTAIN, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, SHADOW MOUNTAIN, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. At all times material to this Complaint, Defendant was the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

13. Plaintiff 1) occupied a position as an Admission Coordinator; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was never paid any overtime compensation for the work she provided in excess of forty (40) hours in a workweek.

14. Defendant's management required Plaintiff to work in excess of 40

hours in a workweek.

15. Plaintiff's regular and recurring schedule was from 9:00 a.m. until 5:00 p.m., Monday through Friday. Up to November 6, 2019, Plaintiff did not usually took a one hour lunch break each workday. After November 6, 2019, Defendant required Plaintiff to take a lunch break each workday. Additionally, Plaintiff was required to perform on-call time during the evenings and weekends which caused her to work in excess of 40 hours per week.

16. Plaintiff worked Plaintiff worked numerous hours of overtime a workweek throughout her employment for which she was not compensated at one and one-half her regular rate.

17. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

18. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

19. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

20. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

21. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

22. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ABIGAIL TODD, demands Judgment against Defendant for the following:

   a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff, ABIGAIL TODD, demands a jury trial on all issues so triable.

Respectfully submitted this February 6, 2020.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFF**